HSBC Bank USA, N.A. v Chabot (2021 NY Slip Op 00548)





HSBC Bank USA, N.A. v Chabot


2021 NY Slip Op 00548


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-06615
 (Index No. 5367/14)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Albert Chabot, respondent, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.
Citak & Citak, New York, NY (Donald L. Citak of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 29, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Albert Chabot and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Albert Chabot and for an order of reference are granted.
In August 2006, Den Ashkenazy and Debra Ashkenazy (hereinafter together the Ashkenazys) borrowed the sum of $3,280,000 from Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The loan was secured by a mortgage on certain real property in Brooklyn. In February 2007, the defendant Albert Chabot borrowed the sum of $275,778.70 from Wells Fargo, and the loan was secured by a mortgage on the same property. On the same date, Chabot executed a consolidation, extension, and modification agreement (hereinafter CEMA) consolidating the note and mortgage executed by the Ashkenazys with the note and mortgage executed by him. Thereafter, Chabot allegedly defaulted on the consolidated mortgage by failing to make the monthly payment due on December 1, 2012.
In April 2014, HSBC Bank USA, National Association (hereinafter HSBC), the alleged assignee of the consolidated mortgage, commenced this action against Chabot, among others, to foreclose the consolidated mortgage. In March 2018, HSBC moved, inter alia, for summary judgment on the complaint insofar as asserted against Chabot and for an order of reference. Chabot opposed the motion. In an order dated January 29, 2019, the Supreme Court denied those branches of the motion on the ground that HSBC failed to establish, prima facie, its standing to commence the action. HSBC appeals.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "Either a written assignment of the underlying note or the [*2]physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953).
Here, HSBC established its standing to commence the action by demonstrating that it had physical possession of the consolidated note prior to the commencement of the action, as evidenced by its attachment of the consolidated note, endorsed in blank by Wells Fargo, to the summons and complaint filed in the action (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). Where, as here, an entity is in possession of a negotiable instrument that has been endorsed in blank, it need not establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091). Contrary to the Supreme Court's determination, the presence of a second, unendorsed copy of the consolidated note attached as an exhibit to the February 2007 CEMA, seven years prior to the commencement of this action, did not create a triable issue of fact warranting the denial of the subject branches of HSBC's motion (cf. Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638).
Chabot's remaining contention is without merit.
Accordingly, the Supreme Court should have granted those branches of HSBC's motion which were for summary judgment on the complaint insofar as asserted against Chabot and for an order of reference.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court