Gaddy v Freeman (2021 NY Slip Op 02512)





Gaddy v Freeman


2021 NY Slip Op 02512


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-14148
 (Index No. 13717/14)

[*1]Cedric Todd Gaddy, respondent,
v
Gary L. Freeman, et al., appellants.


Frank J. Rio, Brooklyn, NY (Rebecca Carmen of counsel), for appellants.
Lehrman & Maseng, PLLC, Brooklyn, NY (Michael A. Lehrman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to set aside two deeds and for declaratory relief, the defendants appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated September 27, 2018. The order denied the defendants' motion pursuant to CPLR 5015(a)(1) and (3) to vacate an order of the same court dated February 27, 2017, granting the plaintiff's unopposed motion (a) to restore the case to the active calendar and (b), in effect, for summary judgment on the first cause of action to set aside two deeds and declaring the plaintiff to be the owner of the subject properties.
ORDERED that the order dated September 27, 2018, is affirmed, with costs.
In 2014, the plaintiff commenced this action, inter alia, to set aside two deeds on the ground of fraud and for a judgment declaring that he is the owner of the subject properties. In January 2016, the case was marked disposed for failure to file a note of issue. In December 2016, the plaintiff moved, by order to show cause, to restore the case to the active calendar and, in effect, for summary judgment on the first cause of action seeking to set aside the deeds and declaring that he is the owner of the subject properties. The defendants failed to oppose the motion, and in an order dated February 27, 2017 (hereinafter the default order), the Supreme Court granted the plaintiff's motion.
The defendants subsequently moved pursuant to CPLR 5015(a)(1) and (3) to vacate the default order, asserting that the plaintiff had intentionally failed to serve his motion on their new attorney. The Supreme Court denied the motion in an order dated September 27, 2018. The defendants appeal.
CPLR 5015(a)(3) permits a court to vacate a judgment or order on the basis that a party "may have been prevented from fully and fairly litigating the matter" due to fraud, misrepresentation, or other misconduct of an adverse party in obtaining the judgment or order (Shaw v Shaw, 97 AD2d 403, 403; see Petrosino v Petrosino, 171 AD3d 960, 962). Here, the defendants contended that the plaintiff intentionally served his motion on an attorney who allegedly no longer represented them. However, in the submission made in support of his order to show cause, the plaintiff's attorney informed the Supreme Court of his communications with an attorney who claimed to newly represent the defendants but who never formally appeared or filed a consent to [*2]change attorney form, despite numerous requests by the plaintiff's counsel that he do so. The plaintiff thereafter served the order to show cause upon the defendants' attorney of record, as directed by the court. Under the circumstances, the plaintiff's service of the motion on the attorney of record did not constitute fraud in obtaining the default order (see generally Farage v Ehrenberg, 124 AD3d 159, 165-166; Hess v Tyszko, 46 AD2d 980).
Additionally, the defendants failed to establish a reasonable excuse for their default pursuant to CPLR 5015(a)(1) (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). Contrary to their contention, the plaintiff's failure to serve the motion on the new attorney the defendants had allegedly retained did not constitute a reasonable excuse for their default under the circumstances. The defendants' attorney of record was served with the plaintiff's motion and the Supreme Court conducted a telephone conference between the plaintiff's attorney and the defendants' attorney of record prior to issuing the default order, in which the defendants' attorney indicated that his representation had not been terminated and that he had not been informed by the defendants that a substitution of counsel would be made. In support of their motion, the defendants did not submit a retainer agreement with their alleged new attorney or any conclusive evidence showing that they had, in fact, discharged their attorney of record prior to issuance of the default order.
Accordingly, the Supreme Court properly denied the defendants' motion to vacate the default order.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court