HSBC Bank USA, N.A. v Alexis (2021 NY Slip Op 03445)





HSBC Bank USA, N.A. v Alexis


2021 NY Slip Op 03445


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-04929
 (Index No. 500683/15)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Collis B. Alexis, etc., et al., defendants, Wyonas Estates, LLC, etc., respondent.


McCabe, Weisberg & Conway, LLC, Melville, NY (Edward Rugino and Kenneth Britt of counsel), for appellant.
Koffsky Schwalb LLC, New York, NY (Steven A. Weg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 25, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendant Wyonas Estates, LLC, which were to vacate so much of an order of the same court dated August 23, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against it, to vacate a judgment of foreclosure and sale of the same court entered July 26, 2018, and for summary judgment dismissing the complaint insofar as against it.
ORDERED that the order dated January 25, 2019 is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Wyonas Estates, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated January 25, 2019, is affirmed insofar as appealed from, without costs or disbursements.
In February 2008, the plaintiff's predecessor in interest commenced an action (hereinafter the 2008 action) against, among others, the defendant Collis B. Alexis to foreclose a mortgage. By stipulation dated December 5, 2012, the 2008 action was voluntarily discontinued. In January 2015, the plaintiff commenced this action against, among others, Alexis and the defendant Wyonas Estates, LLC (hereinafter Wyonas), to foreclose the same mortgage. The complaint alleged that no other action or proceeding had been commenced or maintained for the foreclosure of the mortgage. Wyonas interposed an answer in which it asserted, inter alia, the affirmative defense that the action was barred by the statute of limitations. Alexis failed to appear or answer the complaint.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Alexis and for leave to enter a default judgment against Wyonas. Neither Alexis nor Wyonas opposed the plaintiff's motion, and in an order dated August 23, 2016, the Supreme Court granted the plaintiff's motion. The plaintiff thereafter moved for a judgment of foreclosure and sale. On July 2, 2018, Wyonas moved, inter alia, to vacate so much of the order dated August 23, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against it, on the basis that it had not defaulted in the action, and for summary judgment [*2]dismissing the complaint insofar as asserted against it as time-barred. Upon granting the plaintiff's motion for a judgment of foreclosure and sale, and prior to determining Wyonas's motion, the court entered a judgment of foreclosure and sale on July 26, 2018.
On October 23, 2018, Wyonas moved, inter alia, to vacate so much of the order dated August 23, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against it and the judgment of foreclosure and sale, and for summary judgment dismissing the complaint insofar as asserted against it as time-barred. In an order dated January 25, 2019, the Supreme Court, inter alia, granted those branches of Wyonas's motion, and the plaintiff appeals.
"Under CPLR 5015(a), a court is empowered to vacate a default judgment [or order] for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Nationstar Mtge., LLC v Russo, 167 AD3d 913, 914). "CPLR 5015(a) does not provide an exhaustive list as to when a default judgment [or order] may be vacated, and a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d 710, 711; see Woodson v Mendon Leasing Corp., 100 NY2d at 68). Such power may be resorted to in order to relieve a party from judgments taken through "fraud, mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [brackets and internal quotation marks omitted]; see IndyMac Bank, FSB v Izzo, 166 AD3d 866, 868). A motion to vacate a default is addressed to the sound discretion of the motion court (see Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 908). Here, the Supreme Court providently exercised its discretion in vacating, in the interests of substantial justice, so much of the order dated August 23, 2016, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Wyonas and the judgment of foreclosure and sale, in consideration of the plaintiff's repeated misrepresentations that no prior action to foreclose the mortgage had been commenced and the plaintiff's failure to bring to the court's attention the erroneous characterization of Wyonas as a nonappearing party in the order dated August 23, 2016, before moving for a judgment and foreclosure and sale.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986 [internal quotation marks omitted]). "[W]here acceleration occurr[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel,___ NY3d ___, ___, 2021 NY Slip Op 01090, *6).
Here, in support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred, Wyonas demonstrated that the six-year statute of limitations began to run in February 2008, when the plaintiff's predecessor in interest accelerated the mortgage debt through its commencement of the 2008 action, and that the plaintiff did not commence the instant action until January 2015, more than six years later (see Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660). However, in support of its motion, Wyonas also submitted the December 5, 2012 stipulation discontinuing the 2008 action. Wyonas failed to eliminate triable issues of fact as to whether the stipulation, which was endorsed by Alexis and the plaintiff's predecessor in interest, served to revoke the acceleration of the debt (see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090). Therefore, Wyonas failed to satisfy its initial burden of demonstrating, prima facie, that the time within which to commence the action had expired.
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court