Deutsche Bank Natl. Trust Co. v Attard (2021 NY Slip Op 04698)





Deutsche Bank Natl. Trust Co. v Attard


2021 NY Slip Op 04698


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08726
 (Index No. 2142/14)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Joseph A. Attard, appellant, et al., defendant.


Fiscella & Associates, P.C., Garden City, NY (James B. Fiscella of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Ryan Sirianni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph A. Attard appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 23, 2019. The order, insofar as appealed from, denied that defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 4, 2014, the plaintiff commenced this action to foreclose a mortgage. The defendant Joseph A. Attard (hereinafter the defendant) did not answer the complaint or otherwise appear in the action. Following mandatory foreclosure settlement conferences, the matter was released from the settlement conference part on January 22, 2016.
In September 2016, the plaintiff moved, inter alia, for an order of reference. In an order entered March 1, 2017, the Supreme Court denied the motion without prejudice on the ground that the return date of its motion was a court holiday. In September 2017, the plaintiff again moved, inter alia, for an order of reference. In an order entered December 1, 2017, the court granted the unopposed motion and appointed a referee to compute the amount due to the plaintiff.
In November 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order entered April 23, 2019, the Supreme Court, inter alia, denied the defendant's cross motion. The defendant appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default . . . [n]or is a plaintiff required to specifically seek the entry of a judgment within a year" (US Bank N.A. v Dorestant, 131 AD3d 467, 469 [citations omitted]; see Cumanet, LLC v Murad, 188 AD3d 1149, 1151; Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983). Rather, "[a]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not [*2]be subject to dismissal" (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [internal quotation marks omitted]; see Cumanet, LLC v Murad, 188 AD3d at 1151; Citimortgage, Inc. v Zaibak, 188 AD3d at 983). "Furthermore, where an action is subject to a mandatory settlement conference (see CPLR 3408), the one-year deadline imposed by CPLR 3215(c) is tolled while settlement conferences are pending" (Cumanet, LLC v Murad, 188 AD3d at 1151 [internal quotation marks omitted]; see 22 NYCRR 202.12a[c][7]; JPMorgan Chase Bank, N.A. v Hosain, 178 AD3d 785, 787).
Here, it is undisputed that the one-year period pursuant to CPLR 3215(c) did not begin to run until after January 22, 2016, when the matter was released from the foreclosure settlement conference part (see 22 NYCRR 202.12a[c][7]; Cumanet, LLC v Murad, 188 AD3d at 1151). It is also undisputed that the plaintiff moved for an order of reference in September 2016, less than eight months after the final settlement conference. That the motion was denied due to a technical defect was irrelevant for the purpose of satisfying CPLR 3215(c), as it was the filing of the motion, not its outcome, that "manifest[ed] an intent not to abandon the case but to seek a judgment" (Brown v Rosedale Nurseries, 259 AD2d at 257 [internal quotation marks omitted]; see Cumanet, LLC v Murad, 188 AD3d at 1151). Furthermore, contrary to the defendant's contention, "once the plaintiff . . . initiated proceedings for the entry of a judgment within one year after [the release of the case from the settlement conference part], it was in compliance with CPLR 3215(c) and it was not required, under the plain language of that subdivision, to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c)" (Citimortgage, Inc. v Zaibak 188 AD3d at 983).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned (see Cumanet, LLC v Murad, 188 AD3d at 1151; Citimortgage, Inc. v Zaibak, 188 AD3d at 983).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court