Bank of Am., N.A. v Bhola (2023 NY Slip Op 04097)

Bank of Am., N.A. v Bhola

2023 NY Slip Op 04097

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06952 
2021-03792
 (Index No. 62383/14)

[*1]Bank of America, N.A., respondent, 
v
Dennis Bhola, etc., appellant, et al., defendants.

Charles Wallshein, Melville, NY, for appellant.
Winston & Strawn, LLP, New York, NY (Jason R. Lipkin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dennis Bhola appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated August 12, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were (1), in effect, to vacate so much of an order of the same court (Peter H. Mayer, J.), dated October 16, 2017, as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Dennis Bhola, and to restore the action insofar as asserted against that defendant to the calendar, (2) for leave to reargue those branches of its prior motions which were for leave to enter a default judgment against the defendant Dennis Bhola and for an order of reference, which had been denied in a prior order of the same court (Peter H. Mayer, J.), dated March 11, 2016, and the order dated October 16, 2017, respectively, and, upon reargument, vacated those portions of the prior orders dated March 11, 2016, and October 16, 2017, and, thereupon, granted those branches of the plaintiff's prior motions. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders dated August 12, 2020, are affirmed insofar as appealed from, with costs.
In April 2014, the plaintiff commenced this action to foreclose a mortgage. The defendant Dennis Bhola (hereinafter the defendant) did not answer the complaint or otherwise appear in the action. Following mandatory settlement conferences, the matter was released from the settlement conference part on September 24, 2014.
In June 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated March 11, 2016, the Supreme Court denied the plaintiff's motion without prejudice and with leave to resubmit upon proper papers. In September 2016, the plaintiff again moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated October 16, 2017, the court denied the plaintiff's motion and, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215(c). Thereafter, the plaintiff moved, in effect, to vacate so much of the order dated October 16, 2017, as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant, to restore the action insofar as asserted against the defendant to the calendar, and for leave to reargue [*2]those branches of its prior motions which were for leave to enter a default judgment against the defendant and for an order of reference. In an order dated August 12, 2020, the court, among other things, granted those branches of the plaintiff's motion which were to vacate so much of the order dated October 16, 2017, as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant, to restore the action insofar as asserted against the defendant to the calendar, and for leave to reargue, and upon reargument, vacated so much of the orders dated March 11, 2016, and October 16, 2017, as denied those branches of the plaintiff's prior motions which were for leave to enter a default judgment against the defendant and for an order of reference, and thereupon, granted those branches of the prior motions. In an order also dated August 12, 2020, the court granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default . . . , and a plaintiff is not even required to specifically seek a default judgment within a year" (Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557 [internal quotation marks omitted). Further, "[a]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620-621 [internal quotation marks omitted]). In addition, where an action is subject to a mandatory settlement conference (see CPLR 3408), motions shall be held in abeyance while conferences are held and the one-year deadline imposed by CPLR 3215(c) is tolled (see 22 NYCRR 202.12-a[c][7]; Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d 677, 679; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d at 621). Accordingly, the plaintiff had one year from September 24, 2014, to take proceedings for the entry of a default judgment (see 22 NYCRR 202.12-a[c][7]; Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d at 679). The plaintiff filed its first motion for leave to enter a default judgment and for an order of reference in June 2015, less than nine months after the last settlement conference.
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were, in effect, to vacate so much of the order dated October 16, 2017, as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant, to restore the action insofar as asserted against the defendant to the calendar, and for leave to reargue and, upon reargument, vacating so much of the orders dated March 11, 2016, and October 16, 2017, as denied those branches of the plaintiff's prior motions which were for leave to enter a default judgment against the defendant and for an order of reference, and thereupon, granting those branches of the plaintiff's prior motions (see Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d at 621; Cumanet LLC v Murad, 188 AD3d 1149, 1152).
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court