M. Marin Restoration, Inc. v Filasky (2023 NY Slip Op 04375)

M. Marin Restoration, Inc. v Filasky

2023 NY Slip Op 04375

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05332
 (Index No. 603273/16)

[*1]M. Marin Restoration, Inc., plaintiff, 
v
Peter Filasky, defendant third-party plaintiff-appellant; Friedman Public Adjusters, Inc., et al., third-party defendants-respondents, et al., third-party defendants.

Blodnick, Fazio & Clark, Babylon, NY (Adam Crowley and Paul A. Lanni of counsel), for defendant third-party plaintiff-appellant.
Gordon Ress Scully Mansukhani, LLP, New York, NY (Mark A. Trokan and Kasey T. Mahoney of counsel), for third-party defendants-respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated June 21, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendant third-party plaintiff which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered July 9, 2020, granting the unopposed motion of the third-party defendants Friedman Public Adjusters, Inc., Jeff Friedman, and Ryan Friedman pursuant to CPLR 3126 to dismiss the third-party complaint insofar as asserted against them for failure to comply with discovery demands.
ORDERED that the order dated June 21, 2021, is affirmed insofar as appealed from, with costs.
In March 2019, the appellant, who was the defendant in an action, inter alia, to recover damages for breach of contract, commenced a third-party action against, among others, Friedman Public Adjusters, Inc., Jeff Friedman, and Ryan Friedman (hereinafter collectively the respondents). The respondents interposed an answer and served the appellant with their discovery demands. The respondents subsequently moved pursuant to CPLR 3126(3) to dismiss the third-party complaint insofar as asserted against them based upon the appellant's failure to comply with the discovery demands. The appellant failed to oppose the motion. By order entered July 9, 2020, the Supreme Court granted the respondents' unopposed motion.
In March 2021, the appellant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order entered July 9, 2020. By order dated June 21, 2021, the Supreme Court, inter alia, denied that branch of the appellant's motion. The court determined, among other things, that the appellant failed to provide a reasonable excuse for failing to oppose the respondents' motion. This appeal ensued.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; Vizelter v Strogov, 170 AD3d 917, 918). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792; see Follors v TI Ozone Park Stor., LLC, 209 AD3d 843, 844).
Here, the appellant failed to demonstrate a reasonable excuse for his default in opposing the respondents' motion to dismiss the third-party complaint insofar as asserted against them. The appellant's counsel's mistaken belief that the respondents' motion was going to be withdrawn did not constitute a reasonable excuse for the default under the circumstances of this case (see Seaman v New York Univ., 175 AD3d 1578, 1579-1580). Since the appellant failed to demonstrate a reasonable excuse for his default in opposing the respondents' motion, it is unnecessary to consider whether the appellant had a potentially meritorious opposition to the motion (see U.S. Bank, N.A. v Blagman, 188 AD3d at 1285; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order entered July 9, 2020.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court