Bank of N.Y., N.A. v Scarso (2024 NY Slip Op 06180)

Bank of N.Y., N.A. v Scarso

2024 NY Slip Op 06180

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-03174
 (Index No. 135555/15)

[*1]Bank of New York, N.A., etc., appellant, 
v
Christine Scarso, respondent, et al., defendants.

Akerman LLP, New York, NY (Jordan M. Smith of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated January 21, 2022. The order granted the motion of the defendant Christine Scarso to vacate an order of reference of the same court (Deborah A. Kaplan, J.) dated December 6, 2017, and to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Christine Scarso to vacate the order of reference and to dismiss the complaint insofar as asserted against her is denied.
On September 23, 2005, the defendant Christine Scarso (hereinafter the defendant) executed a note in the sum of $372,000 in favor of Countrywide Bank, N.A. (hereinafter Countrywide). The note was secured by a mortgage on certain real property located in Staten Island. The defendant allegedly defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on August 1, 2008, and thereafter. Countrywide subsequently assigned the mortgage to Bank of New York Mellon (hereinafter BONYM). In 2010, due to the defendant's alleged default, BONYM commenced an action to foreclose the mortgage against, among others, the defendant (hereinafter the prior action). BONYM then assigned the mortgage to Bank of America, N.A. (hereinafter BOA). In 2015, while the prior action was still pending, BOA commenced this action to foreclose the mortgage against, among others, the defendant. The defendant, however, did not answer the complaint or otherwise appear in this action. Following a series of mandatory foreclosure settlement conferences, which the defendant did not attend, this action was released from the settlement conference part on September 27, 2016. Thereafter, in June 2017, BOA moved, inter alia, for an order of reference. By order dated December 6, 2017, the Supreme Court granted the motion and appointed a referee to compute the amount due to BOA. In April 2018, after the referee issued his report, BOA moved, among other things, to confirm the report and for a judgment of foreclosure and sale. In December 2018, the court granted BOA's motion. At or around the same time, the court granted the defendant's motion to dismiss the prior action as abandoned pursuant to CPLR 3215(c). Thereafter, in February 2019, the defendant moved in this action to vacate the order of reference dated December 6, 2017, and to dismiss the complaint insofar as asserted against her. By order dated January 21, 2022, the court granted the defendant's motion. This appeal ensued.
As the plaintiff correctly contends, the defendant failed to demonstrate entitlement to vacatur of the order of reference pursuant to CPLR 5015(a)(3). "CPLR 5015(a)(3) permits a court [*2]to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party" (HSBC Bank USA N.A. v Kantor, 215 AD3d 643, 644 [internal quotation marks omitted]). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (Wilmington Trust, N.A. v Mahone, 207 AD3d 600, 602; see HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797; ETrade Bank v Ejenam, 188 AD3d 1004, 1006). Here, the defendant asserted that BOA, in its papers in support of its motion, inter alia, for an order of reference, falsely indicated that there had been no prior actions to foreclose the subject mortgage. This was an allegation of "intrinsic fraud, or presenting false statements or information to a court" (HSBC Bank USA N.A. v Kantor, 215 AD3d at 645), as opposed to "extrinsic fraud," or "fraud preventing [a] defendant from fully and fairly litigating the matter" (Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955; see Wells Fargo Bank Minn., N.A. v Coletta, 153 AD3d 756, 757). The defendant also argued that BOA failed to inform the Supreme Court that this action was purportedly time-barred, an alleged omission that similarly constituted a claim of intrinsic fraud (see HSBC Bank USA N.A. v Kantor, 215 AD3d at 644-645). The defendant, however, was not entitled to vacatur of the order of reference pursuant to CPLR 5015(a)(3), as she failed to establish a reasonable excuse for her default (see U.S. Bank N.A. v Carucci, 217 AD3d 894, 895; see Bank of N.Y. Mellon v Vaden, 217 AD3d 646, 647; Wilmington Trust, N.A. v Mahone, 207 AD3d at 602). "[T]his Court [therefore] need not consider whether the defendant demonstrated the existence of any potentially meritorious defenses to the action" (HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 603; see HSBC Bank USA, N.A. v Walker, 201 AD3d at 797).
Despite BOA's misrepresentation concerning the prior action, we decline to consider whether vacatur was warranted based on the Supreme Court's inherent discretionary authority to vacate orders in the interests of substantial justice (see e.g. Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675), since the issue is not properly before us on this appeal (see Misicki v Caradonna, 12 NY3d 511, 519; Deutsche Bank Natl. Trust Co. v Matzen, 174 AD3d 504, 505). The dissent would affirm the court's determination on that basis. However, the defendant's motion papers did not adequately seek vacatur on that ground (see Yakobowicz v Yakobowicz, 217 AD3d 733, 738; cf. Nationstar Mtge., LLC v Russo, 167 AD3d 913, 915). Therefore, the plaintiff did not have an opportunity to brief the issue (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54), and, in our view, the record contains no indication that the court actually exercised its inherent discretionary authority when vacating the order of reference as opposed to granting the defendant's request to do so pursuant to CPLR 5015(a)(3).
The plaintiff also correctly asserts that the defendant failed to establish entitlement to vacatur of the order of reference pursuant to CPLR 5015(a)(4). "Pursuant to [that statute], the court which rendered a judgment or order may relieve a party from it upon such terms as may be just upon the ground of lack of jurisdiction to render the judgment or order" (Niebling v Pioreck, 222 AD3d 873, 874 [internal quotation marks omitted]). "Under CPLR 5015(a)(4), a default must be vacated once lack of personal jurisdiction has been established" (Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev., 211 AD3d 661, 663). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service, but when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Bank of N.Y. v Dutan, 200 AD3d 636, 638 [internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Britt, 205 AD3d 683, 684). "However, bare and unsubstantiated denials of service are insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847 [internal quotation marks omitted]). Here, since the defendant did not submit any affidavits in support of her motion, let alone one swearing to "specific facts [sufficient] to refute the statements in the process server's affidavit," she "failed to rebut the presumption of proper service" (U.S. Bank N.A. v Itshak, 189 AD3d 919, 920 [internal quotation marks omitted]; see Puco v DeFeo, 296 AD2d 571, 571). To the extent the defendant sought to reference and rely upon e-filed affidavits that she had submitted with a prior motion, the defendant failed to comply with CPLR 2214(c) and, therefore, those affidavits were "not part of the [*3]record submitted to the Supreme Court" (Reardon v Macy's, Inc., 191 AD3d 712, 714; see Terranova v Baselice, 222 AD3d 901, 903; cf. Nationstar Mtge., LLC v Bailey, 175 AD3d 697, 698).
Finally, the plaintiff correctly contends that the defendant failed to demonstrate entitlement to dismissal of this action as abandoned. "Pursuant to CPLR 3215(c), if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed. To avoid dismissal pursuant to CPLR 3215(c), it is not necessary for a plaintiff to actually obtain a default judgment within one year of the default[,] . . . nor is a plaintiff required to specifically seek the entry of a judgment within a year. Rather, as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620-621 [alterations, citations, and internal quotation marks omitted]). Moreover, "where an action is subject to a mandatory settlement conference (see CPLR 3408), motions shall be held in abeyance while conferences are held and the one-year deadline imposed by CPLR 3215(c) is tolled" (Bank of Am., N.A. v Bhola, 219 AD3d 430, 432). Here, the defendant was not entitled to dismissal of this action as abandoned pursuant to CPLR 3215(c), as BOA moved for an order of reference approximately nine months after the final settlement conference (see Bank of Am., N.A. v Bhola, 219 AD3d at 432; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d at 620).
CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
BRATHWAITE NELSON, J.P., dissents, and votes to affirm the order, with the following memorandum:
"Under CPLR 5015(a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "[S]ection 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated," and courts retain "their inherent discretionary power in situations that warrant[ ] vacatur" (id.). Thus, "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (id.; see Cohn v PROF-2013-M4 Legal Title Trust, 211 AD3d 805, 806; HSBC Bank USA, N.A. v Alexis, 195 AD3d 600, 601). A motion to vacate an order entered upon a party's default is addressed to the sound discretion of the motion court (see M. Marin Restoration, Inc. v Filasky, 219 AD3d 824, 825; HSBC Bank USA, N.A. v Alexis, 195 AD3d at 602).
In the order appealed from, the Supreme Court (Desmond A. Green, J., Administrative Judge of the Thirteenth Judicial District) granted the motion of the defendant Christine Scarso pursuant to CPLR 5015(a) to vacate an order of reference of the same court (Deborah A. Kaplan, J., now Deputy Chief Administrative Judge) dated December 6, 2017, and pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her. The plaintiff does not dispute that in support of its motion, inter alia, for an order of reference it submitted both an attorney's affirmation and an affidavit of its mortgage loan servicer containing the misrepresentation that no prior action had been commenced to foreclose the subject mortgage. It is also undisputed that the prior action was pending at the time the plaintiff moved for an order of reference in this action. The on-the-record discussion of that branch of Scarso's motion which was to vacate the order of reference makes it clear that Justice Green granted that branch of the motion and vacated the order of reference pursuant to the court's inherent discretionary authority in light of the plaintiff's misrepresentation to the court. Justice Green's determination was well within its discretionary authority to vacate the order of reference on that ground (see Cohn v PROF-2013-M4 Legal Title Trust, 211 AD3d at 806; HSBC Bank USA, N.A. v Alexis, 195 AD3d at 602). Under these circumstances, I would not substitute this Court's discretion for the Supreme Court's inherent discretionary authority.
Contrary to the contention of my colleagues in the majority, the plaintiff had the opportunity to brief the question of whether vacatur of the order of reference was warranted pursuant [*4]to the Supreme Court's inherent discretionary authority. Scarso moved to vacate the order of reference, and her attorney's affirmation in support of the motion asserted that the order of reference was issued upon the plaintiff's misrepresentation and sought relief "in the interest of substantial justice." Moreover, it is plain that the court did not grant the motion pursuant to CPLR 5015(a)(3) or (4). The order appealed from did not identify the ground upon which the court relied in granting this branch of the motion, but it referenced and attached thereto the transcript of the on-the-record discussion of the motion. As noted previously, that discussion makes it clear that Justice Green granted the motion pursuant to its inherent discretionary authority. On the record, Scarso's attorney relied upon the plaintiff's misrepresentation in obtaining the order of reference, and Justice Green granted the motion "as stated on the record." Justice Green expressly rejected the ground of fraud and there was no discussion of CPLR 5015(a)(4). Thus, the record demonstrates that the relief was granted pursuant to the court's inherent discretionary authority. As that branch of the motion which was to vacate the order of reference was providently granted on that ground, I do not consider whether that same relief would have been warranted pursuant to CPLR 5015(a)(3) or (4), issues not reached by the court or raised on appeal as an alternate ground for affirmance.
Further, the only contention raised by the plaintiff on appeal with respect to that branch of Scarso's motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her is that the Supreme Court could not reach that branch of the motion without first vacating the order of reference entered upon Scarso's default. As the court acted within its discretion in vacating the order of reference, the plaintiff has provided no basis to disturb the grant of that branch of Scarso's motion which was pursuant to CPLR 3211(a)(4). Therefore, it is unnecessary to consider the plaintiff's arguments regarding that branch of Scarso's motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, a branch of the motion that was not reached by the court.
Accordingly, I would affirm the order appealed from.
ENTER:
Darrell M. Joseph
Clerk of the Court