| U.S. Bank N.A. v Burdeinaya |
|:---:|
| 2025 NY Slip Op 30116(U) |
| January 8, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520694/2016 |
| Judge: Carolyn Mazzu Genovesi |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part FRP-5 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 8th day of 2025.

Present: Hon. Carolyn Mazzu Genovesi

--------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE SUCCESSOR IN INTEREST TO BANK
OF AMERICA, NATIONAL ASSOCIATION, AS
TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR MORGAN STANLEY MORTGAGE
LOAN TRUST 2007-13, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-13,

                              Plaintiff,

       -against-

ELENA BURDEINAYA,

                          Defendant,

--------------------------------------------------------------------X

**DECISION AND ORDER**

Index No.: 520694/2016
Motion Cal. No.: 44
Mot. Seq. 4

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF Numbered |
|---|---|
| Order to Show Cause (MS # 4), Affirmations, Affidavits and Exhibits | 110, 105-109 |
| Affirmation in Opposition, Affidavits and Exhibits | 115, 117-119 |

Upon the foregoing papers, Decision and Order on Motion Seq. No. 4 is resolved as follows:

In an action to foreclose a mortgage, Elena Burdeinaya ("defendant") moves, by order to show cause, to vacate the Notice of Sale for failure to comply with the Judgment of Foreclosure and Sale; vacate the Judgment of Foreclosure and Sale dated March 4, 2024; renew the order granting summary judgment, dated June 6, 2019; dismiss the complaint; and toll interest.

Defendant moves to vacate the Notice of Sale, for a foreclosure sale date of August 8, 2024, for failure to comply with the Judgment of Foreclosure and Sale. Since that date has already passed, the branch of defendant's motion to vacate the Notice of Sale is DENIED as moot.

1

[* 1]

Defendant also moves to vacate her default in opposing the motion for Judgment of Foreclosure and Sale. "A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion." *U.S. Bank, N.A. v. Imtiaz,* 198 A.D.3d 1005, 1007 (2d Dep't 2021) quoting *Bhuiyan v. New York City Health & Hosps. Corp.,* 120 A.D.3d 1284 (2d Dep't 2014); *see* CPLR 5015. "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court." *Logan v. 250 Pacific, LLC,* 210 A.D.3d 1064, 1066 (2d Dep't 2022). "[P]ublic policy favors the resolution of cases on the merits." *Westchester Medical Center v. Hartford Cas. Ins. Co.,* 58 A.D.3d 832, 833 (2d Dep't 2009).

Defendant alleges that law office failure from her prior counsel resulted in her default in opposing the motion. "While the Supreme Court has the discretion to accept law office failure as a reasonable excuse, the excuse must be supported by detailed allegations of fact explaining the law office failure." *HSBC Bank USA, Nat. Ass'n v. Wilder,* 101 A.D.3d 683 (2d Dep't 2012). Here, defendant provided an affidavit from her prior counsel that alleges, previous to default in opposing the motion for Judgement of Foreclosure and Sale, the prior counsel intended to move to be relieved as counsel. Defendant's prior counsel also indicated that he was under the mistaken impression that another lawyer was handling the motion when he defaulted in appearing.

However, a mistaken belief of counsel does not constitute a reasonable excuse for failure to oppose a motion. *See M. Marin Restoration, Inc. v. Filasky,* 219 A.D.3d 824, 826 (2d Dep't 2023); *Dimopoulos v. Caposella,* 118 A.D.3d 739, 740 (2d Dep't 2014). In the instant case, a motion to be relieved as counsel was not made, no new attorney had appeared for defendant, and consent to change attorneys was not filed, when defendant's prior counsel failed to oppose the motion for Judgment of Foreclosure and Sale. *See Gaddy v. Freeman,* 193 A.D.3d 1033, 1034-1035 (2d Dep't 2021). Additionally, Hon. Cenceria P. Edwards already ruled that defendant failed to present a reasonable excuse for not opposing the underlying motion for summary judgment. Accordingly, defendant failed to provide a reasonable excuse for opposing the motion for Judgment of Foreclosure and Sale. In light of the moving defendants' failure to provide a reasonable excuse, the Court need not consider whether the moving defendants demonstrated a potentially meritorious defense. *Wells Fargo Bank, National Association v. Hyun Jung Kim,* 189 A.D.3d 1673, 1674 (2d Dep't 2020). The branch of the motion to vacate the Judgment of Foreclosure and Sale is therefore DENIED.

Defendant further moves to renew the summary judgment order dated June 6, 2019, on the basis of a change in law under *Wells Fargo Bank, N.A. v. Yapkowitz,* 199 A.D.3d 126 (2d Dep't 2021). In *Yapkowitz,* the Appellate Division, Second Department held each spouse who was a borrower under a mortgage was required to receive an individual RPAPL 1304 notice. There, the Appellate Division held that the lender failed to comply with RPAPL 1304 by sending both spouses the 90-day notice in a single envelope. In the instant case, the RPAPL 1304 Notice was sent to defendant and Inna Burdeinaya. Inna Burdeinaya is not a party to this action or a borrower under the consolidation, extension and modification agreement ("CEMA"). However, Inna Burdeinaya was a borrower under the original mortgage. Under the CEMA, the only borrower related to this action and only necessary party is defendant. *See HSBC Bank USA, National*

2

[* 2]

*Association v. Chabot,* 191 A.D.3d 648 (2d Dep't 2021). Accordingly, the change of law under *Yapkowitz* is inapplicable to the case at bar.

Even if the change of law under *Yapkowitz* did apply to this case, defendant's objection under RPAPL 1304 was waived by her failure to assert this defense in response to the underlying motion for summary judgment. *Flagstar Bank, FSB v. Jambelli,* 140 A.D.3d 829, 830-831 (2d Dep't 2016). Additionally, defendant's time to raise a defense pursuant to CPLR 1304 has expired. "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action." *Wells Fargo Bank, N.A. Bank v. Morales,* 178 A.D.3d 881, 882 (2d Dep't 2019). Since a Judgment of Foreclosure and Sale was already entered in this action against defendant, "all matters of defense which were or might have been litigated in the foreclosure action" have concluded. *Wells Fargo Bank, N.A. v. Coffey,* 177 A.D.3d 1022, 1023 (2d Dep't 2019) quoting *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dep't 2012). Accordingly, since defendant failed to raise the issue of plaintiff's compliance with RPAPL 1304 "during the action, and instead raised the issue only after the judgment of foreclosure and sale was entered" vacating the underlying order granting summary judgment is improper. *See Wells Fargo Bank, N.A. v. Coffey, Supra.* Accordingly, the branch of the motion to renew is DENIED.

Defendant additionally moves to dismiss the complaint, pursuant to the Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 7, which states "[w]ithin one year after the signing and entry of an Order of Reference, an application for a Judgment of Foreclosure and Sale must be made... Failure to comply will result in an automatic dismissal of the action." "The determination of whether an excuse [for failing to comply with this rule] is reasonable is committed to the sound discretion of the motion court." *OneWest Bank, FSB v. Rodriguez,* 171 A.D.3d 772, 773 (2d Dep't 2019). The Order of Reference was entered on May 29, 2019. A motion to vacate the Order of Reference was denied by Order entered on October 5, 2022. The motion for Judgment of Foreclosure and Sale was filed February 2, 2024, more than a year after the prior Order was entered. However, between the date of entry of most recent Order and the date the motion for Judgment of Foreclosure and Sale was filed, the parties engaged in loss mitigation. Loss mitigation discussions occurred between May 11, 2022, and March 6, 2023. The Court finds that loss mitigation proceedings is a reasonable excuse for plaintiff's failure to timely move for Judgment of Foreclosure and Sale. The branch of the motion to dismiss the complaint under Part F, rule 8 is accordingly DENIED.

Defendant moves to toll interest, pursuant to CPLR 5001. "In actions of an equitable nature, including foreclosure actions, 'the recovery of interest is within the court's discretion.' " *Wells Fargo Bank, N.A. v. Lee, 208* A.D.3d 1384, 1386 (2d Dep't 2022) quoting *Deutsche Bank Natl. Trust Co. v. Ould–Khattri,* 201 A.D.3d 701, 703 (2d Dep't 2022). The exercise of this discretion is governed by the particular facts of the case, including whether a party engaged in wrongful conduct, prejudiced the other party, or engaged in lengthy unexplained delay in prosecuting the action. *Bank of New York Mellon v. George,* 186 A.D.3d 661, 664 (2d Dep't 2020). In the instant case, by Order dated November 13, 2018, and entered November 28, 2018, Justice Noach Dear found there had "been a significant period of inactivity in prosecuting this action." This failure to prosecute has not been explained. However, on November 14, 2018, the plaintiff moved for summary judgment and to appoint a referee. That motion was ultimately granted by order dated

3

May 10, 2019 and entered May 29, 2019. Thereafter, defendant moved to vacate the summary judgment Order, which was eventually denied by order dated August 18, 2022 and entered October 5, 2022. Between May 11, 2022 and March 6, 2023, the parties engaged in loss mitigation. The motion for Judgment of Foreclosure and Sale was then filed on February 2, 2024. Accordingly, the Court find the plaintiff delayed for 22 months between December 8, 2016, the date plaintiff was served with the summons and complaint, and November 14, 2018, the date the plaintiff moved for summary judgment. The Court further finds that plaintiff delayed for a further 10 months between March 6, 2023, the date loss mitigation discussions ended, and February 2, 2024, the date plaintiff moved for Judgment of Foreclosure and Sale. The branch of the motion to toll interest is therefore GRANTED and interest is tolled for a period of 32 months. For the foregoing reasons it is

ORDERED that the motion (MS #4) is granted to the extent that interest is tolled for a period of 32 months and denied in all other respects.

This constitutes the Decision and Order of the Court.

E N T E R

Hon. Carolyn Mazzu Genovesi

4

[* 4]