## Prosperum Capital Partners LLC v Pamelas List LLC

2024 NY Slip Op 30574(U)

February 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 520945/2022

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 20th day
of February 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------X

PROSPERUM CAPITAL PARTNERS LLC
DBA ARSENAL FUNDING,

                       Plaintiff,

          -against-

PAMELAS LIST LLC DBA PAMELAS LIST
 AND PAMELA LYNN PAULSON,

                  Defendants.

-----------------------------------------------------------------X

**DECISION & ORDER**
Index No. 520945/2022

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on August 10, 2023, by Prosperum Capital Partners LLC D/B/A Arsenal Funding (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement and attorney's fees against Pamelas List LLC dba Pamelas List and Pamela Lynn Paulson (hereinafter the defendants). The motion is unopposed.

-Notice of Motion
-Statement of Material Facts
-Affirmation in Support
-Affidavit in Support
      Exhibits A-E
-Memorandum of law in support

**BACKGROUND**

On July 22, 2022, plaintiff commenced the instant action by filing a summons and

verified complaint with the Kings County Clerk's office (KCCO). On July 27, 2022,

defendants interposed and filed a joint verified answer with the KCCO.

The verified complaint alleges thirty-three allegations of fact in support of three denominated causes of action. The first is for breach of contract, the second is for breach of a guaranty agreement, and the third is for attorney's fees based on an alleged breach of the agreement.

The verified complaint alleges the following salient facts. Pursuant to a receivable purchase agreement (hereinafter the agreement) and personal guaranty dated April 8, 2022, the plaintiff purchased from the LLC defendant its future accounts receivable having a face value of $149,000.00.

On or about April 8, 2022, the LLC defendant, in consideration of the sum of $100,000.00, sold, assigned, and transferred to plaintiff eight (8%) percent of its future sales proceeds, up to an aggregate amount of $149,000.00. By the agreement, Pamela Lynn Paulson executed a personal guarantee if the LLC defendant defaulted on the agreement.

On June 29, 2022, the LLC defendant defaulted under the agreement by failing to remit its sales proceeds to the plaintiff as provided for in the agreement. In total, the LLC defendant remitted the amount of $58,237.50 in accordance with the agreement, leaving a balance of $90,762.50 remaining due and owing. Pamela Lynn Paulson did not pay the amount due although duly demanded. The plaintiff claims that there is now due and payable to plaintiff, by the defendants, the principal balance sum of $98,857.50, as well as attorney's fees of $22,690.63 resulting in a total sum of $121,548.13.

[*2]

## LAW AND APPLICATION

The defendants did not submit opposition to the instant motion. However, a summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. defaulted (*Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co., v 1-800 Beargram Co.*, 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; *see Cugini v System Lumber Co., Inc.*, 111 AD2d 114, 115 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1064 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

[* 3]

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all of the evidence must be viewed in the light most favorable to the opponent of the motion *(Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610 [2d Dept 1990]).

In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of Jeffrey Parella, its counsel (hereinafter Parella), and an affidavit of Marlen Kruzhkov, its managing member (hereinafter Kruzhkov). Parella's affirmation demonstrated no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance *(Nerayoff v Khorshad,* 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.,* 35 AD3d 455, 456 [2d Dept 2006]). Parella's affirmation states that the facts in support of the motion are contained in the affidavit of Kruzhkov.

Neither the verified complaint nor the affidavit of Kruzhkov averred that the agreed-upon purchase price of $100,000.00 for the defendant's future receivables was actually paid to the LLC defendant. Paragraph eight of the verified complaint stated the following:

> "Plaintiff paid Business Defendant the Purchase Price of $100,000.00 minus agreed upon fees listed on Plaintiff's Exhibit "A" page: I4 at ¶ 3, and a sum of $68,337.50 for Merchant's previous open balance on another merchant cash agreement (Please refer to Exhibit B), thus fulfilling its obligation on the Agreement."

[*4]

Paragraph fifteen of Kruzhkov's affidavit stated the following:

"On April 8, 2022, Plaintiff paid Business Defendant the Purchase Price of $100,000.00 minus agreed upon origination fee of $6,000.00 (see Plaintiff's Exhibit "A" at page: 14,¶ 3), thus fulfilling its obligation on the Agreement. See Plaintiff's Exhibit "B" in support of Summary Judgment Motion."

Kruzhov averred that annexed as exhibit B to the motion was proof of the plaintiff's funding of the purchase price. The document, however, contained three redactions, one of them being to the right of the word balance. The document was not authenticated. Nor did Kruzhkov explain how to read it. It was not probative. Moreover, it was not consistent with the allegation of fact in the verified complaint or in Kruzhov's affidavit pertaining to the funding of the purchase price. In fact, the verified complaint and Kruzhov's affidavit were inconsistent with each other.

The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Cruz v Cruz, 213 AD3d 805, 807 [2d Dept 2023]).

To prevail on the instant motion, it was incumbent upon the plaintiff to prove each of these elements as a matter of law. The plaintiff provided conflicting evidence and failed to demonstrate that it performed its part of the agreement by paying the defendants the agreed-upon purchase price. Consequently, the plaintiff did not meet its burden of demonstrating as a matter of law that the defendants breached the agreement. Inasmuch as the plaintiff did not make a prima facie showing that the LLC defendant breached the agreement, the obligation of the guarantor was not triggered. As a result, the plaintiff

[* 5]

also failed to show that the guarantor breached the agreement.

Inasmuch, as the plaintiff failed to demonstrate that the defendants breached the agreement, the third cause of action for attorney's fees based on a breach of the agreement is also unsupported. The motion is therefore denied without regard to the sufficiency or lack of opposing papers (*Cugini v System Lbr. Co.*, 111 A.D.2d 114, 115 [1st Dept 1985]).

## CONCLUSION

The motion by Prosperum Capital Partners LLC D/B/A Arsenal Funding for an order pursuant to CPLR 3212 granting summary judgment in its favor on its causes of action for breach of contract, breach of a guaranty agreement, and attorney's fees as against Pamelas List LLC dba Pamelas List and Pamela Lynn Paulson is denied.

The foregoing constitutes the decision and order of the Court.

ENTER: _____

J.S.C.

HON. FRANCOIS A. RIVERA