■     STANLEY A. SCHUTZER, Appellant, v. MOLLY BERGER, Also Known as MOLLY STRYSMAN, Respondent.— In an action to recover damages for slander, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated January 31, 1972, as granted defendant's motion (to vacate a default judgment against her and to permit her to answer the complaint) to the extent of directing a new assessment of damages and permitting defendant to participate thereat. (The order granted said relief on the condition that defendant pay $50 costs to plaintiff and directed that the judgment remain of record pending the reassessment of damages.)   Order affirmed insofar as appealed from, without costs. Our courts take a liberal approach in completely, conditionally, or partially setting aside a default judgment where, in the interest of justice and in the court's discretion, such relief is deemed appropriate (*Oppenheim* v. *Melnick*, 34 A D 2d 784, mot. for lv. to app. den. 27 N Y 2d 484; *Ladd* v. *Stevenson*, 112 N. Y. 325, 332; *Wall* v. *Bennett*, 33 A D 2d 827; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.02; Practice Commentary on CPLR 5015 by Prof. David D. Siegel in McKinney's Cons. Laws of N. Y., Book 7B, p. 580). Here, Special Term, in the exercise of provident discretion under the circumstances of this case, decided that the relief which appropriately should be granted to defendant is only to direct a reassessment of plaintiff's damages and to permit defendant to participate thereat, subject to certain conditions. Inasmuch as defendant has been granted the right to participate in the reassessment, she has the right, at the reassessment, to offer evidence on the question of the damages sought and to cross-examine plaintiff in connection therewith (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347, 352; *Oppenheim* v. *Melnick*, 34 A D 2d 784, mot. for lv. to app. den. 27 N Y 2d 484, *supra*; *Gise* v. *Brooklyn Soc. for Prevention of Cruelty to Children*, 236 App. Div. 852). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.