■ JUDITH RAWSON, Appellant, v GLENN W. AUSTIN et al., Respondents. —Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: We do not find that Special Term's exercise of discretion was improvident in granting defendants' motion to open the default judgment. CPLR 5015 (subd [a]) empowers the court which rendered the judgment or order to relieve a party from it upon such terms as may be just. An inherent power not limited by statute is also possessed by the court to relieve a party from a judgment entered on a default *(Michaud v Loblaws, Inc.,* 36 AD2d 1013), and in its exercise a court may open its own judgments for sufficient reason and in the furtherance of justice *(Ladd v Stevenson,* 112 NY 325; *Godfrey v Dreslin,* 47 AD2d 594). Respondents presented a sufficient reason to excuse their default and their papers make a sufficient showing of a meritorious defense to the action. Since an opportunity to defend on the merits is in the interest of justice, it should be favored. *(Ballard v Billings & Spencer Co.,* 36 AD2d 71; *Matter of Mento,* 33 AD2d 650.) However, in view of the possibility of a lack of insurance coverage, Special Term should have imposed as conditions of the

vacatur that the judgment stand as security *(Pan American World Airways v Victoria Travel Agency,* 39 AD2d 692; *Epstein v Kutner,* 38 AD2d 750; *Treitel v Arnold Chait, Ltd.,* 20 AD2d 711) and that the sum collected by plaintiff's attorneys on execution ($1,192.90) not be transferred to the defendants as directed, but be held by the said attorneys as additional security pending the outcome of the trial. (Appeal from order of Supreme Court, Onondaga County vacating default judgment.) Present.—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.