■ HELEN TORNESE, Appellant, v JOHN TORNESE, Respondent.—In a matrimonial action, plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Westchester County, dated June 30, 1976, as, after a nonjury trial, *inter alia*, fixed the amounts of alimony, child support and counsel fees. Judgment affirmed insofar as appealed from, without costs or disbursements. The fixing of alimony, child support and counsel fees is discretionary with the trial court upon its balancing of the various aspects of the marital relationship (see *Hessen v Hessen*, 33 NY2d 406; *Schwartz v Schwartz*, 52 AD2d 874). Within that framework, we do not find that the amounts of the awards under review constituted an abuse of discretion. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.

■ TOWN OF GREENBURGH, Appellant, v HAROLD P. SCHROER et al., Respondents, et al., Defendants.—In a condemnation proceeding, the Town of Greenburgh appeals from an order of the Supreme Court, Westchester County, dated May 28, 1976, which (1) set aside a prior order of the same court, dated June 6, 1975, which confirmed a report of the Commissioners of Appraisal, and (2) directed the said commissioners to reconvene. Order affirmed, with $50 costs and disbursements. A court has inherent power, not limited by statute, to relieve a party from a judgment or order entered on default and, in its exercise of said power, a court may open its own judgments or orders for sufficient reason and in the furtherance of justice *(Michaud v Loblaws, Inc.*, 36 AD2d 1013; *Ladd v Stevenson*, 112 NY 325; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12). On the record on this appeal, the vacatur of the order confirming the award was a proper exercise of discretion. Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.

■ TRUMP VILLAGE SECTION 3, INC., Appellant-Respondent, v NATHAN HAHN, Respondent-Appellant.—In an action for a declaratory judgment and to enjoin defendant from harboring any animal in his apartment, (1) plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County, dated May 20, 1976, as, upon the granting of its cross motion for summary judgment, stayed enforcement of the permanent injunction granted therein until March 11, 1977 and provided that, upon good cause shown, said stay may be further continued, and (2) defendant cross-appeals from so much of the said order and judgment as granted plaintiff summary judgment and a permanent injunction. Order and judgment modified, on the law, by deleting therefrom the sixth decretal paragraph, which granted the stay. As so modified, order and judgment affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. Defendant's time to comply with the injunctive provisions of the order and judgment is extended until 60 days after entry of the order to be made hereon. Plaintiff, a co-operative housing corporation, was properly granted a permanent injunction barring defendant from harboring any animal in his apartment. In our opinion a stay of said injunction until March 11, 1977, and perhaps beyond, is an unreasonable delay of the relief to which plaintiff is entitled. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.