■ Robert M. Block, Appellant-Respondent, v Marsha A. Block, Respondent-Appellant.—In a matrimonial action in which the parties were divorced by a judgment dated February 4, 1986, the plaintiff husband appeals from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 13, 1988, which, without a hearing, denied his motion for a downward modification or termination of maintenance and granted the defendant wife's cross motion for a leave to enter a judgment for arrears in maintenance in the sum of $25,200, and (2) an order of the same court dated August 25, 1988,

which denied his motion for reargument, and the defendant wife appeals, by permission, from an order of the same court, dated November 4, 1988, which, *inter alia, sua sponte* vacated the prior order dated July 13, 1988.

Ordered that the order dated November 4, 1988, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated July 13, 1988, is dismissed, without costs or disbursements, as that order was vacated by the order dated November 4, 1988; and it is further,

Ordered that the appeal from the order dated August 25, 1988, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

By judgment dated February 4, 1986, the Supreme Court granted both parties a judgment of divorce on the ground of cruel and inhuman treatment. By the terms of the judgment, the plaintiff husband was required to pay the defendant wife maintenance in the amount of $450 per week for a period of five years retroactively from November 14, 1984 until November 14, 1989, and thereafter to pay the reduced sum of $260 per week until November 21, 1990.

Thereafter, the plaintiff moved for a suspension or termination of the court-ordered maintenance, claiming a substantial deterioration of his financial status since the judgment of divorce was entered and the defendant cross-moved for leave to enter a judgment of maintenance arrears in the amount of $25,200, claiming that the plaintiff had completely defaulted on his obligation to pay maintenance for the period from June 1, 1987 to date.

In his reply affidavit, the plaintiff claimed that the defendant's affidavit was perjurious insofar as the claimed amount of $25,200 in maintenance arrears failed to take into account $7,000 in payments he had sent the defendant since June 1, 1987. The record does, in fact, contain nine canceled checks, all but one bearing the annotation "maintenance" or "support", which were signed by the plaintiff's attorney and which were made payable to and endorsed by the defendant. The sum of the amounts of the nine checks is $7,000.

In its order dated July 13, 1988, the Supreme Court, without a hearing, denied the plaintiff's motion for downward modification but granted the defendant's cross motion for leave to enter a judgment for arrears.

The plaintiff moved for reargument, but by order dated August 25, 1988, that motion was denied.

On November 4, 1988, the court *sua sponte* vacated its order dated July 13, 1988, stating:

"The Court cannot determine on the papers submitted the issues to be resolved in connection with the motion and cross-motion submitted and therefore, a hearing is directed in connection with the underlying issues presented by said motion.

"All parties are directed to appear at IAS, Part VII, Supreme Court Building, Mineola, N. Y., at 10:00 A.M. on DECEMBER 5, 1988, to hear and determine the underlying issues presented by the motion and cross-motion".

The defendant argues on appeal that CPLR 5015 (a) prohibits a court from vacating its prior order *sua sponte* and that the order dated November 4, 1988, was therefore improper. The defendant's contention is without merit. In this case, the court properly exercised its inherent power to vacate in the interest of justice its prior order which was based on mistaken information *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12; *Herpe v Herpe,* 225 NY 323 [errors may be corrected by vacating judgment]). Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.