■ BEVERLY LANE, Individually and as Mother and Natural Guardian of ANDREW LANE, an Infant, et al., Appellants, v WILLIAM LANE et al., Defendants, and RICHARD SCHEER, Proposed Intervenor-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Held, J.), dated November 30, 1989, which (a) granted Richard Scheer's mo-

tion to intervene in this action and to vacate the judgment entered November 15, 1988, and (b) vacated two orders of the same court (Cohen, J.), dated October 15, 1987, and October 28, 1987, respectively, and (2) from an order of the same court, dated February 7, 1990, which denied the plaintiffs' motion, *inter alia,* for renewal.

Ordered that the orders are affirmed, with one bill of costs.

In February 1985 the infant plaintiff, Andrew Lane, was injured in a fire which occurred in residential premises located on Bushwick Avenue in Brooklyn. The infant's mother, the plaintiff Beverly Lane, commenced this personal injury action on behalf of her son and herself against the owners of the building. The building was owned by the plaintiff's uncle William Lane, the plaintiff's aunt Alice Lane, the plaintiff's father J.W. Lane, and the Estate of the plaintiff's grandmother Gertrude Lane. Investors Insurance Company of America (hereinafter Investors) had issued a policy of insurance insuring Gertrude Lane as an owner of the premises and that policy was still in effect at the time of the fire. Investors agreed to represent the Estate in this action and informed the other three defendants that Investors would not represent them since they were not insured under the policy. Richard Scheer was Investors' house counsel. The other three defendants never retained counsel nor appeared in the action and subsequently, a default judgment of approximately $12,000,000 was entered against them. The action against the Estate was settled for the amount of the policy.

In July 1989 the defendants William and Alice Lane assigned to the plaintiff, Beverly Lane, and the infant plaintiff Andrew Lane, any claims or causes of action which they might have against Richard Scheer. In August 1989 the plaintiffs commenced the instant action to recover damages for legal malpractice against Scheer alleging that Scheer had agreed to represent William and Alice Lane in the personal injury action and then negligently failed to appear or submit an answer on behalf of those defendants. The malpractice complaint further alleged that the $12,000,000 default judgment was obtained by reason of Scheer's alleged malpractice.

Scheer then moved to intervene in the personal injury action and to vacate the default judgment entered against the defendants William Lane, Alice Lane, and J.W. Lane. Those defendants did not join in this motion. The court, in the order appealed from dated November 30, 1989, granted Scheer's motion to intervene and to vacate the default judgment. The

court also vacated the prior order dated October 15, 1987, which had deemed the affidavits of service of the summons to have been filed within 20 days after completion of service, and also vacated the prior order dated October 28, 1987, which had severed the action against the Estate of Gertrude Lane from the action against the other three defendants and granted leave to enter the default judgment. The plaintiffs moved to renew the motion to intervene and to vacate the default judgment and specifically challenged the court's action in vacating the orders dated October 15, 1987, and October 28, 1987, respectively. In the order appealed from dated February 7, 1990, the court denied the plaintiffs' motion for renewal. On appeal, the plaintiffs contend, *inter alia,* that Scheer did not have standing to move to vacate the default judgment, and even if he did have standing, Scheer did not present sufficient evidence to support the motion to vacate the default judgment. We disagree and now affirm.

CPLR 5015 (a) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any *interested person* with such notice as the court may direct" (emphasis added). An "interested person" who has standing to bring a motion to vacate a judgment has been defined as follows: "To seek relief from a judgment or order, all that is necessary is that some legitimate interest of the moving party will be served and that judicial assistance will avoid injustice" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.15, at 50-320). At bar, we find that Scheer has a legitimate interest in vacating the default judgment. In light of the fact that the defendants William Lane, Alice Lane, and J.W. Lane are not interested in vacating the default judgment, it appears that no one has a greater interest in vacating the default judgment than Scheer. Indeed, it is clear that without a valid default judgment against those defendants, the plaintiffs' legal malpractice claim against Scheer is worthless. As such, we find that Scheer has standing to move to vacate the default judgment *(see, Oppenheimer v Westcott,* 47 NY2d 595).

We further find that the default judgment was properly vacated in the interest of justice. "It is well established that, independent of statutory provisions, the court rendering a judgment, in its inherent power and control over its own proceedings, may vacate that judgment where it appears that substantial justice will be subserved and injustice prevented thereby" (8A Carmody-Wait 2d, NY Prac § 63:309, at 632; *see also, Town of Greenburgh v Schroer,* 55 AD2d 602). The record

at bar reveals that there may have been collusion between the plaintiffs and the defaulting defendants in the personal injury action to obtain the $12,000,000 default judgment. It appears that the defaulting defendants did not defend themselves in the personal injury action because of an alleged understanding among the parties that the plaintiffs would not pursue the defaulting defendants for the satisfaction of the default judgment. To now allow this default judgment, allegedly obtained through collusion, to be used as the basis for this malpractice claim against Scheer offends one's sense of justice. As such, the Supreme Court did not improvidently exercise its discretion in vacating the default judgment in the interest of justice.

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.