■ SUSAN OFFEN, Respondent, v DANIEL OFFEN, Appellant. [671 NYS2d 91] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about February 7, 1997,

which, to the extent appealed from, denied defendant's motion to vacate the May 23, 1996 judgment of the same court and Justice against him for arrears in pendente lite maintenance or to reduce said judgment by amounts allegedly discharged in bankruptcy, unanimously affirmed, without costs.

Defendant, in seeking vacatur, failed to establish that the May 23, 1996 judgment against him for arrears in pendente lite maintenance had been fraudulently obtained, since he made no showing that he reasonably relied to his detriment on false statements made by plaintiff in connection with the judgment. Moreover, even if the judgment had been affected by fraud, defendant should, under the circumstances, have learned of the fraud either from plaintiff's motion for entry of the judgment or from the judgment itself, and ought, having been so apprised, to have opposed the motion or appeal the judgment. His presently alleged decision instead to rely on an undocumented agreement that the judgment was only to be used as security for his discharge of his maintenance obligations until the final settlement of the matrimonial action was not reasonable and is plainly without force to vitiate the judgment.

Defendant's contention that the IAS Court erroneously ordered him to pay the mortgage on the marital residence despite a contradictory order from the bankruptcy court is not properly before us on the present appeal from the IAS Court's denial of defendant's motion to vacate the subsequent judgment for arrears arising as a result of defendant's noncompliance with the aforesaid unappealed order. Nonetheless, were this issue properly before us, we would find no contradiction between the IAS Court's order and the order of the bankruptcy court since the IAS Court's order did not relate to the parties' 1989 indemnity agreement, which the bankruptcy court had discharged, but instead simply directed defendant to provide for the support and shelter of his family. Moreover, the bankruptcy court specifically allowed the State court to continue the divorce proceeding and, in connection therewith, to resolve pertinent property issues, among them, the issue of spousal maintenance. Concur—Rosenberger, J. P., Rubin, Williams, Tom and Saxe, JJ.