■ Nancy A. Lounsbury, Appellant, v Arlow Kiehl et al., Respondents. [680 NYS2d 283] —Yesawich Jr., J. Appeal from an

order of the Supreme Court (Graffeo, J.), entered January 23, 1998 in Sullivan County, which granted defendants' motion to vacate a default judgment entered against them.

Plaintiff commenced this action against, among others, defendants seeking damages relating to the slaughter of a horse that was owned by plaintiff. Defendants served an amended answer on April 14, 1992. In October 1992, plaintiff was informed that defendants would no longer be represented by their counsel. Thereafter, plaintiff sent a number of letters to defendants, advising them to retain counsel, requesting discovery and notifying them of dates for examinations before trial. Throughout the ensuing three years defendants did not respond, nor did they appear at any of the depositions that were conducted.

In December 1995, plaintiff moved by order to show cause to strike defendants' answer and for a default judgment. Defendants, acting *pro se*, responded by letter explaining that they were innocent of any charges and would defend their rights at a trial. Supreme Court granted the motion to strike and, when defendants failed to respond to plaintiff's default motion or to her suggestions that a settlement might be reached, a default judgment was entered. In July 1997, an inquest hearing on damages was held at which defendants again did not appear, and judgment was entered against them in the amount of $9,500. When execution was had thereon, defendants retained counsel and moved to vacate the default. Supreme Court concluded that defendants had demonstrated a meritorious defense and an acceptable excuse for their default, and granted the motion. Plaintiff appeals.

Even when none of the conditions set forth in CPLR 5015 have been met, a trial court still has the inherent authority to vacate a default judgment in the interest of justice (*see, Ladd v Stevenson*, 112 NY 325, 332; *see also, Tiger v Town of Bolton*, 150 AD2d 889, 890). Nevertheless, such relief should not be granted unless the moving defendant can show an acceptable excuse for the default, an absence of willfulness and a meritorious defense (*see, Tiger v Town of Bolton, supra; see also, Rockefeller v Jeckel*, 161 AD2d 1090, 1091). Defendants have not satisfied these requirements.

For more than three years, defendants repeatedly disregarded and ignored Supreme Court's discovery orders despite plaintiff's counsel's advice to obtain legal representation. Plaintiff has established that defendants' refusal to cooperate with discovery for such a long period of time hindered the progression of plaintiff's case. Moreover, defendants' explana-

tion that they did not retain counsel or otherwise defend themselves, because they believed that they had no liability in the matter, does not constitute a reasonable excuse for their default. The mere fact that one had made erroneous assumptions regarding the validity of an action and the need to defend against another's allegations of wrongdoing is an insufficient basis for vacating a judgment. "Having chosen not to consult with an attorney or to otherwise take steps to protect [their] interests, defendant[s] [were] not entitled to be relieved of [their] default" (*Passalacqua v Banat*, 103 AD2d 769; *see; Whitaker v McGee*, 95 AD2d 938, 939).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.