Cohn v PROF-2013-M4 Legal Tit. Trust (2022 NY Slip Op 07052)

Cohn v PROF-2013-M4 Legal Tit. Trust

2022 NY Slip Op 07052

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-02081
 (Index No. 505470/18)

[*1]David Cohn, appellant, 
v
PROF-2013-M4 Legal Title Trust, etc., respondent.

Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, Jaclyn Halpern Weinstein, and Danny Ramrattan of counsel), for respondent.

DECISION & ORDER
In an action to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated December 23, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate an order and judgment of the same court (Lawrence Knipel, J.) dated July 31, 2018, entered upon the defendant's default in appearing or answering the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2018, the plaintiff, David Cohn, commenced this action against the defendant PROF-2013-M4 Legal Title Trust to quiet title to certain real property in Brooklyn that is the subject of a related foreclosure action (see Prof-2013-M4 Legal Title Trust 2015-1 v Morales, _____ AD3d _____ [decided herewith]), alleging that the foreclosure action was dismissed and the statute of limitations to foreclose the mortgage had expired. The defendant failed to appear or answer. The plaintiff thereafter moved for leave to enter a default judgment. In an order and judgment dated July 31, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for leave to enter a default judgment (hereinafter the default judgment). In July 2019, the defendant moved, among other things, pursuant to CPLR 5015(a) to vacate the default judgment. In an order dated December 23, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion and vacated the default judgment in the interest of substantial justice (hereinafter the December 2019 order). The plaintiff appeals.
"'Under CPLR 5015(a), a court is empowered to vacate a default judgment [or order] for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order'" (HSBC Bank USA, N.A. v Alexis, 195 AD3d 600, 601, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). However, "'CPLR 5015(a) does not provide an exhaustive list as to when a default judgment [or order] may be vacated, and a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice'" (HSBC Bank USA N.A. v Alexis, 195 AD3d at 601, quoting 40 BP, LLC v Katatikarn, 147 AD3d [*2]710, 711).
Here, the Supreme Court providently exercised its discretion in granting, in the interests of substantial justice, that branch of the defendant's motion which was to vacate the default judgment. The court found that the basis upon which it granted the default judgment—the plaintiff's representation that the related foreclosure action had been dismissed—was no longer true at the time that the plaintiff moved for the default. Vacatur of the default judgment in the interest of substantial justice was warranted given that counsel for the plaintiff represented to the Supreme Court, in a May 2018 affirmation in support of the plaintiff's motion for leave to enter a default judgment, that the related foreclosure action had been dismissed pursuant to a conditional order of dismissal in November 2016 (hereinafter the November 2016 order) notwithstanding that, in April 2018, a month prior to the plaintiff's motion, the November 2016 order had been vacated and the action had been restored to the calendar (see HSBC Bank USA, N.A. v Alexis, 195 AD3d at 602).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court