Matter of Levitin v Stoll (2025 NY Slip Op 04995)

Matter of Levitin v Stoll

2025 NY Slip Op 04995

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LILLIAN WAN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-08724
 (Docket No. O-2399-23)

[*1]In the Matter of Joshua Levitin, appellant,
v
Michelle Stoll, respondent.

Whiteman Osterman & Hanna LLP, Albany, NY (J. Rochelle Cavanagh and Brian J. Palamar of counsel), for appellant.
Capetola & Divins, P.C., Williston Park, NY (Barry J. Fisher and Cheryl L. Jakinovich of counsel), for respondent.
Risa K. Kass, Tarrytown, NY, attorney for the child J.L.
Stacy Sabatini, New City, NY, attorney for the child R.L.
Jessica Bacal, Mount Kisco, NY, attorney for the child W.L.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals, by permission, from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated August 17, 2023. The order, insofar as appealed from, vacated so much of an ex parte temporary order of protection of the same court (Dean Richardson-Mendelson, Ct. Atty. Ref.) dated August 11, 2023, as awarded temporary sole legal and physical custody of the parties' oldest and youngest children to the father. By decision and order on motion of this Court dated May 3, 2024, enforcement of that order was stayed with respect to the oldest child pending hearing and determination of the appeal or further order of the Family Court, Rockland County, whichever occurs first.
ORDERED that the order dated August 17, 2023, is affirmed insofar as appealed from, with costs.
The father and the mother are the divorced parents of three children: J.L. born in 2008, R.L. born in 2010, and W.L. born in 2012. Pursuant to an order of the Supreme Court dated November 29, 2016, and a judgment of divorce dated July 20, 2017, the mother was awarded sole legal and physical custody of the children and permission to relocate with the children to California, and the father was awarded certain parental access, including an extended period of parental access during the summer.
In the summer of 2023, and approximately one week before the father was to return the children to the mother, the father filed a family offense petition, alleging that the mother committed, inter alia, the family offense of endangering the welfare of a child by failing to address W.L.'s mental health challenges. In an ex parte temporary order of protection dated August 11, [*2]2023, a Court Attorney Referee, among other things, awarded temporary sole legal and physical custody of the children to the father. At a subsequent court appearance on August 14, 2013, the court was informed by a representative from the Department of Social Services that, pursuant to an investigation, there were no safety concerns for the children. At a court appearance on August 16, 2023, the court (Rachel E. Tanguay, J.) further learned that W.L., in fact, was attending therapy in California. The court, on the record, directed that the parties were to have temporary joint legal custody of W.L., with the father to have temporary physical custody of W.L., and that J.L. and R.L. would return with the mother to California. Based upon this arrangement, the court indicated that it would vacate the temporary order of protection. Thereafter, in an order dated August 17, 2023, the court, inter alia, vacated so much of the temporary order of protection as awarded the father temporary sole legal and physical custody of J.L. and W.L. The father appeals.
Contrary to the father's contention, the Family Court properly vacated so much of the ex parte temporary order of protection as awarded him temporary sole legal and physical custody of J.L. and W.L. While the Family Court may issue a temporary order of protection "upon good cause shown" (Family Court Act § 828[1][a]), the court maintains the "inherent power to vacate in the interest of justice its prior order which was based on mistaken information" (Matter of Vasciannio v Nedrick , 305 AD2d 420, 421 [internal quotation marks omitted]; see Block v Block , 153 AD2d 601). Here, after the Court Attorney Referee issued the temporary order of protection, the Family Court conducted additional court appearances during which the court learned new information about the rapidly evolving circumstances surrounding the parties and the children. Under the circumstances presented here, the court providently exercised its discretion in vacating the custody provisions in the temporary order of protection as to the children J.L. and W.L.
The father's remaining contention is academic.
BARROS, J.P., WAN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court